## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **MICHAEL HOOPER,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:08-0229** |
| | ) | **(Criminal No. 1:06-0165)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FCI Gilmer, filed a Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on April 2, 2008.[1]

(Document No. 210.) By Standing Order, Movant's Motion was referred to the undersigned United

States Magistrate Judge for the submission of proposed findings of fact and a recommendation for

disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 212.)

### FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2006, Movant pled guilty to an Information in Criminal Action No. 1:06-

0165 charging him with conspiring to distribute a quantity of cocaine, also known as "coke," a

Schedule II controlled substance, in violation of 21 U.S.C. § 846. (Criminal Action No. 1:06-0165,

Document No. 116.)  Movant was sentenced on April 3, 2007. (Id., Document Nos. 139 and 147.)

The District Court determined that Movant had a Base Offense Level of 30, and a Total Offense

Level of 24, having granted a three-level downward adjustment for Movant's mitigating role in the

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to
a less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

offense, a two-level downward adjustment for acceptance of responsibility, and a one-level downward adjustment for timely notifying authorities of his intention to plead guilty. (Id., Document Nos. 146 and 147.) The District Court ordered that Movant serve a 84-month term of incarceration to be followed by a three-year term of supervised release. (Id.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his sentence to the Fourth Circuit Court of Appeals.

On April 2, 2008, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Id., Document Nos. 210 and 211.) As grounds for *habeas* relief, Movant alleges as follows:

Ground One: Resentence pursuant to newly enacted law pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706 and 711 to the U.S.S.G..

Supporting facts: Defendant respectfully requests this honorable court to reduce the present sentence of 84 months. Hooper believes that because of the sentence imposed for crack, he is entitled to a two point deduction based upon the new retroactive amendments of § 2D1.1 of § 3582(c)(2) and Amendments 706 and 711 to the Sentencing Guidelines, which made a reduction in the base offense level for crack-cocaine offense retroactive as of March 3, 2008.

Ground Two: Considerations of 18 U.S.C. §§ 3553(a) factors incorporated with 18 U.S.C. § 3582(c)(2) Amendments 706 and 711.

Supporting facts: This Court is asked to consider this § 2255 Habeas Corpus pursuant to § 3553(a) in considering 18 U.S.C. § 3582(c)(2). Retroactive March 8, 2008, Amendments 706 and 711 reduction in the offense level for crack-cocaine offenses, which is allowed in new sentences and orders for a new P.S.I. report.

Ground Three: Consideration of newly enacted law or U.S.S.G. Amendment [709, Note] # 12 misdemeanors/petty crime enhancements under 18 U.S.C. § 3582(c)(2), § 3553(a).

Supporting facts: This Court is asked to also consider Amendment [709, Note] 12 U.S.S.G. that prevents prisoners' convicted of misdemeanors from being enhanced based upon petty/misdemeanor charges that did not provide for confinement over (1) year. This Court is asked to take judicial notice of Amendment [709, Note] 12 and common-sense-view-approach.

(Id., Document No. 210, pp. 4 - 6.)

By Order entered on April 11, 2008, United States District Judge David A. Faber withdrew "reference from the magistrate judge of that portion of the motion seeking relief under Section 3582(c) based upon the recent amendment reducing penalties for cocaine-based offenses." (Id., Document No. 216.) Judge Faber further directed the Clerk "to re-docket the motion in the original criminal case to reflect that a section 3582(c) motion based upon the recent amendment reducing penalties for cocaine-base offense has been filed." (Id.) Thus, the Clerk docketed Movant's Motion as a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[2] (Id., Document No. 217.) By Memorandum Opinion and Judgment Order entered on January 20, 2009, the District Court denied Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2).[3] (Id. Document No. 241.)

## DISCUSSION

Based upon a review of Movant's Section 2255 Motion, the undersigned finds that Grounds One and Two seek "relief under Section 3582(c) based upon the recent amendment reducing penalties for cocaine-based offenses." Thus, Grounds One and Two were considered and denied by Memorandum Opinion and Judgment Order entered on January 20, 2009. Accordingly, the

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

[3] The District Court stated that "the guideline range applicable to defendant has not been lowered as a result of the amendment and his motion under 18 U.S.C. § 3582(c)(2) is DENIED." (Criminal Action No. 1:06-0165, Document No. 241, pp. 2 - 3.)

undersigned will consider Ground Three as asserted in Movant's Section 2255 Motion.

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which

could have been raised on direct appeal."); <u>United States v. Essig</u>, 10 F.3d 968, 979 (3d Cir. 1993); <u>See also</u> <u>United States v. Maybeck</u>, 23 F.3d 888, 891 (4th Cir. 1994), <u>cert. denied</u>, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for <u>and</u> prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. <u>See</u> <u>Theodorou</u>, <u>supra</u>, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. <u>United States v. Richardson</u>, 195 F.3d 192 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In Ground Three, Movant contends that his sentence was improperly enhanced under the Sentencing Guidelines. Specifically, Movant argues that his sentence should be reduced based upon an amendment to the Sentencing Guidelines, which "prevents prisoners' convicted of misdemeanors from being enhanced based upon petty/misdemeanor charges that did not provide for confinement over (1) year."[4] (Document No. 210, p. 6 and Document No. 211, pp. 3 - 4.) Claims of errors under the Sentencing Guidelines, however, are generally not cognizable under Section 2255. The Fourth Circuit has explained as follows:

> [B]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255

---

[4]   U.S.S.G. Appendix C, Amendment 709 resulted in three modifications to Section 4A1.2(c)(1) and (2):

First, the amendment moves from § 4A1.2(c)(1) to § 4A1.2(c)(2) two classes of offenses: fish and game violations and local ordinance violations (except those violations that are also violations under state criminal law). Second, the amendment changes the probation criterion at § 4A1.2(c)(1) from a term of "at least" one year to a term of "more than" one year. Finally, the amendment resolves a circuit conflict over the manner in which a non-listed offense is determined to be "similar to" an offense listed at § 4A1.2(c)(1) and (2).

provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

United States v. Pregent, 190 F.3d 279, 283 - 84 (4th Cir. 1999). Movant's sentence in the instant case did not exceed the statutory maximum authorized by his convictions (20 years).[5] Therefore, the undersigned finds that Movant's claim that the District Court improperly applied the Sentencing Guidelines to be without merit.[6]

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 210.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**,

---

[5] The statutory penalties for Movant's conviction was imprisonment for a period of 20 years. *See* 21 U.S.C. § 841(b)(1)(C).

[6] Furthermore, the undersigned finds that Movant is not entitled to a sentence reduction based upon Amendment 709. Amendment 709 became effective on November 1, 2007, subsequent to Movant's sentencing date (April 3, 2007). In *United States v. Gaston*, 382 Fed.Appx. 297, 301-02 (4th Cir. 2010), the Fourth Circuit recognized that Amendment 709 does not apply retroactively. Specifically, the Fourth Circuit explained as follows:

Under 18 U.S.C. § 3553(a)(4), the district court must, with certain exceptions not applicable here, apply the guideline that is in effect on the date the defendant is sentenced. Gaston was sentenced in May 2007. Applying the guidelines in effect on the date of Gaston's sentencing, the district court properly counted his criminal history points. Amendment 709 did not become effective until November 1, 2007, and does not apply retroactively. *See* U.S.S.G. § 1B1.10(c)(Amendment 709 is not listed); *see United States v. Dumphy*, 551 F.3d 247, 249 n. 2 (4th Cir.)(noting that an amendment to the Guidelines may be applied retroactively only when the amendment is expressly listed in U.S.S.G. § 1B1.10(c)), *cert. denied*, ___ U.S. ___, 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009).

and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: June 1, 2011.

R. Clarke VanDervort
United States Magistrate Judge

7